UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
No. 2:22-cv-01310-DCN

| | |
|---|---|
| VERLIE EDWARDS, and<br>MARIO G. EDWARDS,<br><br>　　Plaintiffs,<br><br>v.<br><br>TRACTOR SUPPLY COMPANY, and<br>UNIFIRST CORPORATION,<br><br>　　Defendants. | **NOTICE OF REMOVAL** |

　　Pursuant to 28 U.S.C. § 1446, Defendant UniFirst Corporation ("Defendant") removes this matter to the U.S. District Court for the District of South Carolina.

　　1.　　Defendants are parties to a civil action in the Georgetown Court of Common Pleas entitled *"Verlie Edwards and Mario G. Edwards v. Tractor Supply Company and UniFirst Corporation,"* No. 2022-CP-22-00274, which was commenced by the filing of the underlying state court summons and complaint on April 5, 2022. More specifically, Plaintiff first served Defendant with the lawsuit on April 8, 2022. (*See* **Exhibit A**, Plaintiff's Affidavit of Service).

　　2.　　This petition for removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of the date on which Defendants first received the summons and complaint. Further, the underlying state court action was filed less than 30 days ago.

　　3.　　Plaintiffs, Verlie Edwards and Mario Edwards, are husband and wife and both citizens and residents of the County of New Haven, State of Connecticut (*See* Complaint, ¶ 1).

　　4.　　Defendant Tractor Supply Company ("TSC") is a foreign corporation from the State of Delaware. (*See* Complaint, ¶ 2). TSC's principal place of business is in Tennessee.

5. Defendant UniFirst Corporation is a foreign corporation organized and existing under the laws of the Commonwealth of Massachusetts. (*See* Complaint, ¶ 3). Defendant's principal place of business is also located in the Commonwealth of Massachusetts.

6. Thus, in light of the foregoing, the citizenship of the parties is completely diverse.

7. Further, the amount in controversy, exclusive of interest and costs, exceeds the sum on $75,000.00. The case involves a trip and fall incident which allegedly occurred at TSC's retail store in Georgetown County, South Carolina on April 22, 2019. (*See* Complaint, ¶ 4). As a result of the incident, Plaintiffs allege that Mr. Edwards "suffered painful injuries, internally and externally, to various parts of his body, including, but not limited to his face, hips, back, and legs, all of which have caused and will continue to cause Mr. Edwards much physical pain, mental anguish, suffering, humiliation and embarrassment, impairment of health and body efficiency, alteration of lifestyle and has and will cause Mr. Edwards to incur costs for medical services and other matters related to his injuries and treatment." (*Id*. at ¶ 17). Additionally, Plaintiffs allege that as a result of the accident Mrs. Edwards sustained a "loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship." (*Id*. at ¶ 20). Plaintiffs claim "actual damages [and] a reasonable sum of punitive damages." (*Id*. at ¶ 21). Plaintiff have also declined to stipulate that the amount in controversy does not exceed $75,000.00. Thus, the amount in controversy requirement is met.

8. TSC, through its counsel, consents to the removal of this matter to this Court.

9. The U.S. District Court for the District of South Carolina has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among all of the properly joined parties, and the amount in controversy in

this civil action, exclusive of interest and costs, exceeds the sum of $75,000.00, in addition to seeking nonmonetary relief.

10. Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings and orders received by the removing Defendants are attached as **Exhibit B**.

11. Defendant submits this Notice of Removal without waiving any defense to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted. Defendant specifically reserves the right to assert, if applicable, any and all defenses enumerated under Federal Rule of Civil Procedure 12 or any other affirmative defenses, including those enumerated under Federal Rule of Civil Procedure 8(c), upon the filing of its responsive pleadings within the time allotted under the Federal Rules.

## CONCLUSION

Defendant UniFirst Corporation prays that the above case now pending against it in the Georgetown Court of Common Pleas be removed therefrom to this Court.

Respectfully submitted,

April 23, 2022

*/s/ James M. Dedman, IV*
James M. Dedman, IV (SC No. 9939)
GALLIVAN, WHITE & BOYD, P.A.
6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
704-552-1712
jdedman@gwblawfirm.com

*Attorneys for Defendant UniFirst Corporation*

3